# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| MARCUS MOTE | § |
| | § |
| v. | § Civil Action No. 4:16-CV-00203 |
| | § Judge Mazzant |
| DEBRA WALTHALL | § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Debra Walthall, In Her Official Capacity, 12(b)(6) Motion to Dismiss (Dkt. #27). After reviewing the pleadings, the Court finds that the motion should be granted in part and denied in part.

## BACKGROUND

Plaintiff Marcus Mote worked as a police officer for the City of Corinth, Texas from December 14, 2009 to October 20, 2015. Plaintiff was a member of the Texas Municipal Police Association, a labor association of law enforcement personnel. On February 11, 2015, Plaintiff led a meeting to organize a local chapter of the Texas Municipal Police Association to be known as the Corinth Police Officers' Association.

Defendant Debra Walthall is the Chief of Police for the City of Corinth, Texas. On February 13, 2015, Defendant emailed Assistant Chief Greg Wilkerson, Lieutenant Carrie West, and Internal Affairs Lieutenant Jimmie Gregg an article discussing a Texas Municipal Police Association management survey that was critical of the Edinburg, Texas police department administration. Defendant's email stated "check the article on Edinburg PD. This is exactly what TMPA will lead our guys to. This is the same survey that they did years ago on Allen PD." (Dkt. #1 at p. 2). Plaintiff alleges that Defendant worked for the Allen Police Department when a similar Texas Municipal Police Association management survey critical of police administration was

provided to the Allen City Council. Plaintiff alleges that Defendant took action to intimidate Plaintiff and other police officers in order to prevent the formation of the Corinth Police Officers' Association.

On March 4, 2015, Plaintiff received a "performance file issue regarding the cleanliness of his assigned patrol unit." (Dkt. #1 at p. 3). On June 9, 2015, the Internal Affairs unit commenced an investigation of Plaintiff. Plaintiff, who was assigned as a School Resource Officer at Lake Dallas High School, informed school administrators that a non-student who applied to attend the prom had a criminal record (Dkt. #1 at p. 3). The Internal Affairs investigation resulted in a written reprimand and Plaintiff was transferred to deep-night shift patrol. On July 30, 2015, Internal Affairs commenced a second investigation regarding an interaction Plaintiff had with two juveniles who had been drinking and trespassed on private property. Defendant terminated Plaintiff on October 20, 2015. Plaintiff alleges that other officers received written reprimands and suspensions for similar policy infractions and were not terminated. Plaintiff further alleges that Corporal Jason Foutch, another proponent of the Corinth Police Officers' Association, was transferred from the criminal investigations division to a deep-night shift patrol.

Plaintiff brings claims against Defendant in her official and individual capacity for violations of (1) the First Amendment; (2) the Fourteenth Amendment; (3) 42 U.S.C. § 1983; (4) Texas Government Code § 614.021, *et seq*.; and (5) Texas Labor Code § 101.301.

On February 22, 2016, Plaintiff filed his Original Complaint (Dkt. #1). On March 22, 2016, Defendant filed an answer to the Original Complaint (Dkt. #10). On August 16, 2016, Defendant filed the pending motion to dismiss (Dkt. #27). On August 26, 2016, Defendant filed an amended answer to the Original Complaint (Dkt. #31). On September 19, 2016, Plaintiff filed a response to the motion to dismiss (Dkt. #38). Defendant filed a reply on October 3, 2016

(Dkt. #44).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and

disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing [C]ourt to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

A motion asserting any defenses under Rule 12(b) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Defendant filed her motion to dismiss after filing an answer to the complaint. Because a Rule 12(b) motion must be filed before responsive pleadings, Defendant's motion was untimely. *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Bond St. Ltd, LLC v. Liess*, No. 4:12-CV-755, 2014 WL 1287620, at *3 (E.D. Tex. Mar. 31, 2014).

However, Rule 12(h)(2), which deals with waiver, provides that "[f]ailure to state a claim upon which relief can be granted ... may be raised: (B) by a motion under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(b). *See Liess*, 2014 WL 1287620, at *3. Rule 12(c) motions may be filed after the pleadings are closed. *See Greninger*, 188 F.3d at 324. "Such motions will be treated as a motion for judgment on the pleadings based on a failure to state a claim on which relief may be granted." *Id.*

Thus, although the motion to dismiss was filed untimely, the Court will construe it as a motion for judgment on the pleadings under Rule 12(c). "Regardless of how the motion is characterized, this distinction does not affect the court's legal analysis because the standards for motions under Rule 12(b)(6) and 12(c) are identical." *Liess*, 2014 WL 1287620, at *3 (citing *Jones,* 188 F.3d at 324; *Phillips v. Houston I.S.D.*, No. H–13–02935, 2013 WL 6079280, at *1 n.2 (S.D.Tex. Nov. 19, 2013)).

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.,* 278 F.3d 417, 420 (5th Cir. 2001) (citing *St. Paul Mercury Ins. Co. v. Williamson,* 224 F.3d 425, 440 n.8 (5th Cir. 2000)). "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hughes,* 278 F.3d at 420). The standard applied under Rule 12(c) is the same as that applied under Rule 12(b)(6). *Ackerson v. Bean Dredging, LLC,* 589 F.3d 196, 209 (5th Cir. 2009); *Guidry v. American Public Life Ins. Co.,* 512 F.3d 177, 180 (5th Cir. 2007).

*First Amendment, Fourteenth Amendment, and Section 1983 Claims*

After reviewing the pleadings, the Court finds that Plaintiff has stated plausible claims under the First Amendment, Fourteenth Amendment Equal Protection Clause, and Section 1983 for purposes of defeating a Rule 12 motion to dismiss. Defendant's motion to dismiss these claims is therefore denied.

Plaintiff voluntarily dismissed his Fourteenth Amendment procedural due process claim in

light of the Fifth Circuit decision, *Stem v. Gomez*, 813 F.3d 205, 213 (5th Cir. 2016) (Dkt. #38 at p. 11–12). The Court therefore grants Defendant's motion to dismiss this claim.

***State Law Claims***

After reviewing the pleadings, the Court finds that Plaintiff has stated plausible state law claims against Defendant in her individual capacity for purposes of defeating a Rule 12 motion to dismiss.

Plaintiff also brings claims against Defendant in her official capacity under Texas Labor Code § 101.301 and Texas Government Code § 614.021. Claims against Defendant in her official capacity are treated as claims against the City of Corinth. *Bellard v. Gautreaux*, 675 F.3d 454, 462 (5th Cir. 2012). Under Texas law, the state is immune from both suit and judgment liability, unless the state expressly consents to them. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003). Governmental immunity extends sovereign immunity protections to the political subdivisions of the state, including its municipalities. *Harris Cty. Hosp. Dist. V. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 848 (Tex. 2009). Government entities are immune from claims for injunctive relief based on allegations that government officials have violated the law or exceeded their authority. *See Agee v. City of McKinney*, No. 4:12-CV-550, 2014 WL 1232644, at *16 (E.D. Tex. Mar. 22, 2014), *aff'd sub nom. Agee v. City of McKinney, Tex.*, 593 F. App'x 311 (5th Cir. 2014) (holding that a city's governmental immunity precludes claims for reinstatement and injunctive relief until such time as plaintiff establishes a waiver of immunity). The Court agrees that Plaintiff has not asserted facts establishing any waiver of immunity. Defendant's motion to dismiss Plaintiff's state law claims against her in her official capacity is therefore granted.

***Declaratory Judgment Claim***

Plaintiff seeks a declaratory judgment finding that Defendant violated Plaintiff's rights

under the First Amended, Fourteenth Amendment, Section 1983, and Texas state law.  Defendant argues that Plaintiff's declaratory judgment claim is duplicative of other relief requested by Plaintiff's claims and should be dismissed.  It is a matter for the district court's sound discretion whether to decide a declaratory judgment action.  *Pac. Employers Ins. Co. v. M/V Capt. W.D. Cargill*, 751 F.2d 801, 804 (5th Cir. 1985).  The Court will not decline to exercise its declaratory judgment jurisdiction at the motion to dismiss stage.  Defendant's motion to dismiss Plaintiff's claim for a declaratory judgment is therefore denied.

*Injunctive Relief*

A claim for injunctive relief is a remedy that does not stand alone, but requires a viable underlying legal claim. *See Horne v. Time Warner Operations, Inc.*, 119 F.Supp.2d 624, 630 (S.D.Miss.1999), *aff'd by* 228 F.3d 408 (5th Cir.2000).  The Court has determined that Plaintiff has stated plausible claims for purposes of defeating a Rule 12 motion to dismiss.  Defendant's motion to dismiss Plaintiff's claim for injunctive relief is therefore denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant's 12(b)(6) Motion to Dismiss is hereby **GRANTED IN PART** and **DENIED IN PART**.

The Court hereby dismisses Plaintiff's state law claims against Defendant in her official capacity.  As to all other claims, Plaintiff has stated plausible claims to survive a Rule 12 motion.

**SIGNED this 8th day of February, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE